**Rozina KALAJ, Vitore Hasaj, Petitioners,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

**Nos. 05–6789–ag(L), 05–6791–ag(Con).**

United States Court of Appeals, Second Circuit.

Aug. 17, 2006.

Gregory Marotta, Belle Mead, NJ, for Petitioners.

Gregory A. White, United States Attorney for the Northern District of Ohio, Steven J. Paffilas, Assistant United States Attorney, Cleveland, OH, for Respondent.

Present: GUIDO CALABRESI, SONIA SOTOMAYOR and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Vitore Hasaj and Rozina Kalaj, mother and daughter, through counsel, petition for review of a BIA decision affirming the decision of Immigration Judge ("IJ") Roxanne C. Hladylowcyz denying their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng*

*Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews questions of law and the application of law to fact *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

▮ Although the IJ found Kalaj credible, she also found that her internment by the former Communist government from 1987 to 1989, did not constitute persecution, and that, even if it had, country conditions had changed since that time, rebutting any claim to a well-founded fear based on that internment. Because Kalaj did not meaningfully raise in her appeal to the BIA her claim that she suffered past persecution when she was forced to live in the internment camp, that claim is unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Moreover, because Kalaj failed to raise in her BIA appeal the claim that country conditions had not changed since the days of Communist rule in Albania, that claim is also unexhausted. The IJ's determination that an incident in 1997, in which alleged supporters of the Socialist Party yelled that the Kalajs were "stinkin' members of the Democratic Party" and shot at the windows of the Kalaj house but did not physically injure any family member, and an incident in which she was pushed by police during a political rally, did not constitute persecution, is reasonable. Nothing in the record indicates that these incidents rose to the level of persecution contemplated under the Immigration and Nationality Act. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 340–41 (2d Cir.2006) (discussing persecutorial acts). Further, Kalaj's claim that the abuse she suffered at the hands of her husband in Albania constituted persecution, was not raised before the BIA, and is therefore unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Gill,* 420 F.3d at 86. Because Kalaj failed to raise below her claim

that the IJ and BIA erred by not considering whether asylum should have been granted based on humanitarian grounds under *Matter of Chen,* 20 I. & N. Dec. 16, 1989 WL 331860 (BIA 1989), that claim is also unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Gill,* 420 F.3d at 86.

In light of the IJ's finding that Kalaj did not suffer persecution in Albania, and given that Kalaj's claim to a well-founded fear of persecution was based on the alleged past persecution she suffered, the IJ reasonably determined that Kalaj failed to establish a well-founded fear. Because Kalaj was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Further, since Kalaj did not meaningfully raise her CAT claim before the BIA, that claim is unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Gill,* 420 F.3d at 86.

▮ Although Hasaj did not testify, the IJ considered her "affidavit which basically establishe[d] difficulties that she experienced under the former Communist regime which is no longer in power" and found that Hasaj did not establish past persecution, a fear of future persecution, or eligibility for withholding of removal. In her brief to this Court, Hasaj claims, however, that the IJ erred in not considering the alleged persecution she suffered under the Socialists, beginning in 1992. Specifically, Hasaj claims that one of her sons and a daughter fled to the United States because, as members of the Democratic Party, they had problems with the Socialist Party, and Hasaj received threatening phone calls and was hit on the head in her home one night by an intruder who threatened to kill her because she was a "dirty democrat." However, because Ha-

saj did not meaningfully raise any of these claims in her brief to the BIA, she failed to exhaust the claims. *See* 8 U.S.C. § 1252(d)(1); *Gill,* 420 F.3d at 86.

 Hasaj's claim that the IJ and BIA erred by not considering whether she merited a grant of asylum under *Matter of Chen,* 20 I. & N. Dec. 16, was not raised at the IJ or BIA level, and thus was unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Gill,* 420 F.3d at 86. Given the IJ's finding that Hasaj did not suffer persecution in Albania, and considering that Hasaj's claim to a well-founded fear of persecution was based on the alleged past persecution she suffered, the IJ reasonably determined that Hasaj failed to establish a well-founded fear. Because Hasaj was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen,* 344 F.3d at 275. Moreover, since Hasaj did not meaningfully raise her CAT claim before the BIA, that claim is unexhausted. *See* 8 U.S.C. § 1252(d)(1); *Gill,* 420 F.3d at 86.

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petition is VACATED, and any pending motion for a stay of removal in these petitions is DENIED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).